NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1403
_____

TUBE CITY IMS, LLC,
                                        Appellant
v.

UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING,
ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS
INTERNATIONAL UNION, LOCAL 5852-19
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-09-cv-00845)
District Judge:  The Honorable William L. Standish
_____

Submitted Under Third Circuit LAR 34.1(a)
October 21, 2010

BEFORE:  HARDIMAN, GREENAWAY, JR., and NYGAARD, Circuit Judges.

(Filed: January 6, 2011)
_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Tube City IMS, LLC appeals from an adverse ruling by an Arbitrator on the

Union's claim that Tube City had terminated a union member's employment without just

cause, a violation of the parties' collective bargaining agreement.  Tube City filed an

action in the District Court seeking to vacate the award pursuant to Section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185. The District Court confirmed the Arbitrator's award and entered judgment in favor of Tube City. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

Arbitration awards are entitled to extreme deference. *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003). A party seeking to vacate an arbitration award must clear a "high hurdle." *Stolt-Nielson S.A. v. Animal Feeds Int'l Corp*., --- U.S. ----, ----, 130 S.Ct. 1758, 1767 (2010). We must enforce an arbitration award unless there is "absolutely no support at all in the record justifying the arbitrator's determinations." *United Transp. Union Local 1589 v. Suburban Transit Corp.,* 51 F.3d 376, 379 (3d Cir. 1995). The ability of a court to vacate an arbitration award is limited to the following:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4).

Here, the Arbitrator heard testimony from witnesses for both parties, and considered numerous exhibits, post-hearing briefs and oral argument of counsel. The Arbitrator issued a seven-page opinion in which he made findings of fact and reviewed the parties' positions. His decision drew its essence from the collective bargaining agreement, and was well-supported by canons of contract interpretation. The Arbitrator directed Tube City to rescind the employee's discharge, to reinstate him, and to make the employee whole for his economic losses. Based on our review of the record, summary judgment was proper, essentially for the reasons stated in the District Court's comprehensive and well-reasoned opinion, which held, *inter alia*, that this case "is really nothing more than [Tube City's] quibbling over the arbitrator's interpretation of the CBA." We will affirm.